May it please the court, counsel, my name is Jeremy Gordon. I now represent the appellant, in this case, Yonathan Melaku. Mr. Melaku was found guilty of damage to government property, as relevant here, found guilty of damage to government property and possession of a weapon in furtherance of a crime of violence. He was sentenced to 300 months in prison overall for all three of his charges. Mr. Melaku filed a motion for relief under Title 828, United States Code 2255, indicating that the damage to the government property charge no longer qualified as a crime of violence, and as such, Mr. Melaku's 924C charge could no longer stand. The district court denied that, and Mr. Melaku now appeals the ruling of that decision. In my time before the court, I will discuss how the 924C-1361 is a divisible statute, and how the district court erred, and how using the modified categorical approach in the district court's matter. I will also discuss that the district court erred in determining that Mr. Melaku's 1361 charge was categorically a crime of violence, and as such, his 924C charge should stand. I'm going to be explaining how the district court erred in that. First of all, I'm going to explain how the district court erred in determining that 1361 was a divisible charge. It's our position that 18 U.S.C. 1361, damage to government property, sets forth alternative means of satisfying a single element, rather than multiple elements, which constitute different crimes. Specifically speaking, it's our position that when it comes to willfully injuring property, or committing depredation against property of the United States, those things are two different means for the same element. It's our position that the plain language of the statute provides that government property can be damaged through either willful injury or depredation, and that it's a single crime with an alternative means. It's our position that willful injury is one means, and willful depredation is another means. Now, the text of the statute is one way to interpret it, and the government uses ALWRA to determine ways to analyze that statute. But in my time before the court, I would like to draw specific attention to the ways that 1361 has been charged, and the way the appellate courts have explained, through the court cases, the 1361, and how that shows that it should be deemed to be an indivisible statute. We look at the actual practice from other jurisdictions in recent years, and those explain to us that 1361 is an example of a statute that sets forth alternate means of committing the same crime of destruction of government property. When we look at the Kraus case that we referenced in our brief, the Kraus case indicated that the defendant damaged property, that property belonged to the United States, that the defendant acted willfully. When we look at the Seaman case that we referenced in our brief, it were that the defendant willfully injured or committed a depredation, two, against the property, three, of the United States, and four, that the value of the property exceeded that of the statute. And in the Justice case, the allegations were that the defendant, one, willfully, two, injured or committed any depredation against, three, the property of the United States, and four, that it exceeded the amount of $1,000. Several of the courts that we've indicated, and including the ones that we referenced on page four of our reply brief, indicate that there was used a blanket term of destruction of government property. Not that it was willfully injuring or willfully engaging in depredation, but they used a blanket term of destruction of government property. There is an indivisible case by which people get charged with and convicted of 1361 crimes. And how the cases are charged lead us to lend ourselves to it being indivisible. It's our position that there were several situations where a person was being charged solely with destruction of government property. And in our brief, in some situations, the indictment pled both injury and depredation in the conjunctive. In the district court, in this case, the district court indicated that the or meant that it was in the disjunctive. But in the charging practice around the country, we see that in some situations, they're being charged with injury and depredation in the conjunctive. Okay, Mr. Gordon, let's say we agree with you. The district court went off the two different crimes. Then we've got to confront, don't we, what constitutes violent force against property? It seems to me that that's the really difficult part of this case. Because if we do get to the point where we have to define that, first of all, tell me your position. Do we have to define what is violent force against property if we agree with your position that the trial court jumped the track in the beginning with its disjunctive analysis? Your Honor, it would be my position that this court should find Bowen to be instructive. And in the Bowen case, the Tenth Circuit indicated that it would be very difficult to determine that there was inherent violence in crimes that were solely against property. I didn't mean to cut you off, but it seems to me that the Tenth Circuit stopped short in Bowen, didn't it, of actually defining willful injury to property and simply said it can't be every injury to property. I noticed that, Your Honor. And they used the spray painting example. So are you advocating then that we do a Bowen-like analysis in dealing with that issue of what constitutes injury to property? Well, Your Honor, I would specifically say that in this situation, I would ask that the court find that this is not a crime of violence and that this situation cannot, based on this law that's in 1361, that this cannot result in a crime of violence. If the court were to try to a, it would be our position that if the court were going to do that, I would ask that the court look at, if the court were going to make a bright line rule, I would ask that the court look at whether or not, what is the ultimate object? And what is the ultimate goal of the thing? All right, so in the Bowen case, we see that property, that intimidation with regards to property was not. And that's because we treat property in many situations. And I would ask in this situation that we treat property different from people. If the ultimate goal, when you look at the statute, if the ultimate goal was not necessarily tied to a person, then that would be, then it's my position and our position that that would be the dividing line. So when we look at how- So it's never a crime of violence when it involves property in your position, right? Well, well, Your Honor, when we talk- You just told us they were different. We treat property and people differently. So does that mean that you can never commit a crime of violence when you are doing injury to property? I would not go so far as to say never, Your Honor. I would not- What do you say? Let's, let's, let's say, let me throw in an example for Judge Motz's question, if I could. Let's just say that in a government facility, they have, I don't know what the proper term is, but dogs to assist the patients in a mental health facility. And somebody comes in and tortures the dog. Well, a dog is property, right? Are you saying that could be a- And the dog was a- The torturing of the dog would not be a crime of violence because it was a crime against property? Your Honor, I would with regards to, I would with regards to 924C. So the ultimate, the ultimate thing that we're getting, the ultimate thing that we're getting at here is all of it in the context of a 924C crime. I'm not, it's not my position today to say that, that that's not a crime. That if you go into a VA and you torture a dog that belongs to the government, at that end of itself, it's not a crime. But what I'm saying is, if a person did that and at the same time carried a handgun pursuant to 924C3, that that, that that would not be an appropriate 924C crime because of the, because it would not be an appropriate crime of violence. Because ultimately, there's not a person tied to it. It's solely and completely with regards to property. But it seems to me that in Bowen, and then I promise I'll cease and desist here, seems to me in Bowen, the Tenth Circuit was saying, well, we don't have to define the universe of, of a crime of violence, excuse me, violent force against property. What we have to do is identify acts that would constitute felonies under 1361 and say they plainly do not involve the use of violent force. And then they use the spray painting example. Are you saying that's the best route for us to go here or not? That's what I'm trying to get at. It would be my position, Your Honor, that as far as a big overarching right line of rule, as far as me personally, as far as me and as my job on this case, I'm here to say that in this situation against this person, against Mr. Malacu, that this is not a crime of violence. As far, if the court decides, let's try to define it, then I would ultimately, I would ultimately submit that we ultimately look at where is this going? Is this tied to a person? With regards to a Hobbs Act robbery, if you damage property with regards to a Hobbs Act robbery, that's different because it's tied to a person. You're engaging in the damage to the property. And ultimately, the goal was to get to a person. But when we talk about categorically speaking, when it comes to solely damage against property and property alone, where there's not a person that's attached to it. For instance, if I were to scribble on the seal of the Fourth Circuit, that's the underlying crime underneath that of government damage to government property in and of itself, where it's not listed that it's tied to a person. It's our position that that would not be a crime of violence pursuant to 924C3B. I don't understand that argument because the statute says or the elements clause defines a crime of violence as a felony that has as an against the person or property of another. So it's your position that if you use force against property, it's never a crime of violence. But we know that it is. My position is that we look at the underlying statute that in this situation, 1361, and we determine, when we look at the simplest and most innocent way to commit the underlying statute, because as we know... Mr. Gordon, can I ask you, so with respect to the statute, and the government makes this argument in terms of divisibility, but the statute divides the penalties according to the dollar value of the damage to the property. You commit damage to anything over $1,000, it's, I think, 10 years. Setting aside whether or not that makes the statute divisible because of the differing penalties, what about that as a line of demarcation in terms of a crime of violence by the damage to the property? I would submit that it's all going back to the idea of it being categorical. When we talk about categorical speaking, we talk about what is the most innocent way to do the crime. That's one way to look at the categorical approach. So when we look at the most innocent way to do the crime, then the most innocent way to engage in damage to property that is like $1,001. It's our position that that part, the $1,000 line of demarcation, that in this situation, it's not our position, it should not factor in to whether or not... Well, I guess what I'm suggesting is that perhaps categorically anything over $1,000 is a crime of violence. Whether or not you can commit a crime of violence and cause damage to property less than $1,000 is something that's left for another day. It would be our position that under what we've previously talked about, that the dollar amount would not come into play. Because if we're starting to determine if it's under $1,000, then we'll leave it to another day. But if it's over $1,000, then it's a crime of violence. But that does not... When we look at Bowen, and we look at Curtis Johnson, and we look at Stoeckling, then what is required in order to create a crime of violence, and the guidance that those courts have given us with regards to whether it's a crime of violence, leaves out a dollar amount. It leaves out a dollar amount because it all goes back to the idea of if it's against a person, or if it's against property, and how we treat things differently as a person as opposed to property. I want to do, before you sit down, your time has expired, one more try at what my colleague has asked you. There are, I'm sure you've read a million of these cases about crimes of violence. And sometimes we define what would be a crime of violence under the statute. And sometimes we just say, this isn't a crime of violence for these various reasons. Would there be any issue with doing the latter here? The latter is the second one, right? I always miss it. Right. I'm sorry. I'm so sorry. I speak in code often. I'm so sorry. Can you repeat the question? I got stuck on the latter. That's all right. So sometimes when we talk about crime of violence, we talk about the issue in front of us, and we discuss whether it is or isn't a crime of violence, and we come to a resolution. And sometimes we just say, this isn't a crime of violence, and we explain the reasons why. Would there be any problem with doing that here? I'm fine with it, Your Honor. If the court determines- That's all I need to know. Okay. Thank you. Now we'll hear from the government. Good morning, Your Honors. May it please the court, Aiden Grano-Michelson for the government. I'd like to pick up, if I could, with the court's questions to my friend on the other side. One, what this court does and does not have to decide, and then about the penalty structure. So here we are dealing with a charge of the over $1,000 amount. And under the Sixth Amendment, that becomes an element of an aggravated offense. So this court does not have to address what the offense of 1361 simpliciter means for purposes of the crime of violence. It only has to address what happens when the damage that actually results is over $1,000. Once we get into that, I think it is to the point of theoretical or legal impossibility to think of a situation in which a person intentionally commits an act designed to damage property, does so in an amount over $1,000, and has not used a quantum of force that we would consider to be violent. Okay, so let's just say somebody pours water on a computer and causes damage of over $1,000, and does so intentionally. I mean, just pours the water. That's a crime of violence, according to you. Yes, Your Honor, because the damage done to the computer is significant. So when we think about an act of violence, we don't look at what physical effort the person exerting does when we talk about violence. Because this court has already recognized, in cases like Rumley, that indirect or omissions count as uses of force. What the employment of some device to cause harm or injury. So the fact that pouring a glass of water over a computer merely requires tilting your hand doesn't dictate whether or not it's violent. What dictates whether or not it's violent is whether the force employed, the water, is being used against an object, the computer, in a way that's likely to cause harm or injury. So every injury to government property under 1361 that is willfully done and results in $1,000 of damage is automatically violent. Yes, Your Honor. Force against property. Yes, Your Honor. Well, aren't you reading the word violent out of the analysis then? Why isn't it simply enough to have injury to property? I think Stokeling is the right lens to use. Yeah, but Stokeling was robbery. It was a crime against the person. I mean, I think you've got to do a little better than that. Yes, Your Honor, but I'd like to point the court to page 554 of Stokeling, where the it's refusing to use the adjectives like severe or substantial when it's talking about the use of force that's involved there. The court specifically rejects the idea that we look at the probability or likelihood that it's going to result in significant damages and says, instead, crimes can be committed in many different ways, and it would be difficult to assess whether a crime is categorically likely to harm the victim, especially when the statute at issue lacks fine-tuned gradations of force. We decline to impose yet another indeterminable line-drawing exercise on the lower courts. Stokeling was very clear that at the point at which force crosses the threshold into capable of causing harm or injury, it becomes violent, and they cited specifically Justice Scalia's concurrence from Johnson, which talked about things like hair-pulling, slapping, and biting. Johnson was also talking about injury to a person, and it seems to me you're using a template that is different, and you're not explaining. You're just wishing that it works, and you've got to show us. It seems to me, and this is why I'm really interested in hearing you, why you aren't just reading the concept of violence out of the definition, because if every willful injury to government property of more than 1,000 is violent, then why do we even have to think about violence? And the basis for that, if we reject that Stokeling and Curtis Johnson, they were talking about people and harms to people. How do you write this opinion? Sure. In your favor, I guess is what I'm trying to figure out. Sure, Judge Kenan. I think maybe this is where it's helpful to talk about what's not covered by violence and threats to property or injuries to property. If the actual force employed or the property in any way, but merely defaces it or disrespects it or something, that would not fall within the meaning of the quantum of force that we would require for violence. Okay. I have a question to ask you about that. Suppose you spray painted the whole building gold. Now, we know spray painting doesn't count, isn't violent usually, but here you've done more than $1,000 or $10,000 worth of damage. And I thought under your earlier argument, that would constitute a crime of violence by definition, as far as you're concerned. Your Honor, I think the challenge there is whether or not it actually falls into willful injuring, not the quantum of damage. Oh yeah. No, it's the guy that, yes, he wants to injure the building. He wants to make his point. First he does his initials and then he just decides to do the whole building. And I think at that point, when you've crossed over into doing that amount of what we consider to be damage to property, you've crossed the threshold from nonviolent acts of force into violent acts of force. There's no other real principled way to determine where the quantum of force falls when it comes to property. And it's exactly the point that Stoeckling was making in relation to offenses against the person, is we don't engage in an analysis of how much the person would be hurt. Similarly here, once something has injured property, that's the  You can make an argument at least, although it's been rejected by the courts, that spray painting the building at all injures the property. Your Honor, and I think that is a harder question, but not where it does over a thousand dollars worth of damage. So I think Hill, for example, at the Second Circuit, in Hill, for example, the Second Circuit made the point that it's not the pressing down of the button. This is the point Judge McHugh made in dissent in Bowen. It's not the force of pressing down the spray can lever to deploy the paint. It is the act of using something to damage the object, the property. So, you know, when Congress passed this statute, the damage to property statute, it obviously wasn't thinking about its application in the 924C context. So it's just a happy accident, I guess, that we have this demarcation in terms of damage. But if we didn't have that, then what would be the principled way to distinguish the offense for purposes of the force clause in 924C? Is there another way besides that? Your Honor, I think, for example, if we took a hypothetical statute that doesn't have the word injure in it, so you could violate it without actually injuring or damaging property, I don't think that would fall within 924C's force clause. But why don't you deal with the hypothetical you were given, which is a statute that doesn't have amount in it? Yes, Your Honor. And so I think that's the demarcation, is if there's no penalty division in the willful injury statute, the willful injury statute becomes a crime of violence because you are damaging property. And the quantum of force for property crime is that which is capable of damaging property. So if you just spray painted a little circle like this, that would injure the property, and that would be a crime of violence? Yes, Your Honor. If it goes through willful injury, if you get to willful injury. Well, if you willfully did it, for sure. An injury that the government's going to have to repaint it. And I think it doesn't cause, if it causes $900 worth of damage, then you're saying it's not a crime of violence. Painting that little circle, $900 to get it off. That's not a crime of violence. But if the circle just is extended a half an inch, and it takes $1,000 to get it off, then it is a crime of violence. Now, where is the sense in that? No, Your Honor. Actually, I think my point is that once you injure property, and you've committed damage to property, that's the crime of violence, not the $1,000 mark. This court doesn't have to... Well, it has to be a felony, though, to qualify as violent force against property, doesn't it? Yes, Your Honor. And I think that's where this court doesn't have to analyze the lower end of the spectrum to determine whether or not injury amounting to less than $1,000 counts. Let me ask you another question if I could, and then I'll try to cease and desist. I think we're straying away from the categorical approach and the purpose of the categorical approach. I'm worried that we are. The purpose of the categorical approach is really to see if this person could have committed the crime and in a way that was not violent. In other words, can a person can violate this statute in a way that's not violent? And if there is a way that the statute plainly can be violated, then doesn't that end it? We don't have to define... Yes, Your Honor. If the court concludes that there is a way... Yes, Your Honor. If the court concludes that there is a way in which the above $1,000 threshold can be committed without violence... And if we... Let's just say we don't accept or we have difficulty accepting. You're saying that tilting your hand to pour water on the computer is a crime of violence if the damage is $1,000, but tilting your hand to pour water on the computer is not a violent force against property if the damage is $999. Again, how do you write that? How do you write an opinion that says if there's a dollar's worth of difference between damage to property that that makes it a violent force against property, but if it's $999, it is not violent force against property? Sure. So, Your Honor... Some logic. Not just sticking to the position that you've given us, but the logic behind it. Yes, Your Honor. I think if the court were to write an opinion that talked about the quantum of force necessary to commit a crime of violence against property, the line the court should adopt is force capable of causing harm or injury to property, which mirrors the standard in Stokely. That's how I would write it. If the court was uncomfortable with doing that in all cases, the court could adopt a shorter, more restrained reading that says, when looking at the set of hypothetical cases in which a person willfully injures property to the tune of $1,000, we have a hard time coming up with a scenario in which that happens with nonviolent force. The court does this with aggravating penalty structures all the time. It was done in Bryant. Allred talked about aggravated penalty structures. Runyon dealt with a conspiracy for murder for hire, which categorically would not be a crime of violence, except the death resulted. And the court said, we have a hard time envisioning a situation where people enter into a conspiracy to kill someone, intend to kill them, and the death of that person results, and it somehow didn't involve violent force. The court could adopt, if it's uncomfortable with the low end of the spectrum, that analysis here and leave for another day what happens with injuries to property that are not so severe to cross the $1,000. So, and I don't mean to attempt to answer the question that Judge Keenan posed to you, because obviously you're doing a fine job responding to questions, but I get the concern about sort of the arbitrariness of the distinction that we're making, but the statute itself, you know, 1361, is every bit as arbitrary. I mean, if you damage property to the tune of $1,001, you're on the hook for 10 years. If you damage property and only cost $1,000 for damage, at that point it's a one-year felony. So, it doesn't seem to me that it'd be any less arbitrary for us to make the distinction that we're making here that you're proposing for 924C. Your Honor, and just to follow up on that point, which I think is very well made, that Congress drew a line here essentially saying over certain quantums of damage are more serious crimes, and I don't think it's inconsistent with the purposes of 924C, which aggravate penalties when someone uses a firearm to commit a particular quantum of damage, for example, in this case. I don't think that's inconsistent. And that's a fine answer, and the hypothetical was, the question was excellent, but your earlier position, I thought, was that any damage of property is a crime of violence. Any damage willfully caused is a crime of violence, yes, Your Honor. Even if it costs, even if it only costs $500 or $50. Yes, Your Honor, and I think that... What about attempts? How do you deal with attempts? Because under this statute, 1361, an attempt to injure property, an attempt to pour the water on the computer, I start to do it, and then all of a sudden I sneeze, and I don't do it, okay? But I intended to do it, and I was trying to do it. I brought the water. I had one act that was necessary to the completion of the crime. That's a crime of violence, too? Holding water over the computer as I sneeze? Yes, Your Honor, because 924C3 includes attempted uses of force, an attempt requires the specific intent to use the force that you would... And I did. I wanted to pour the water, but then I sneezed, and then I realized, oh my gosh, this is a stupid idea. But when I started to pour or started to tilt the glass, I intended to do it. That's a violent force against property under your analysis. It is an attempted use of force, which makes it a crime of violence under 924C. Assuming it gets prosecuted. Assuming it gets prosecuted, Your Honor, yes. And I do think that is a useful point to make in this context. Runyon made this point. Roof made this point. Allred made this point, that we deal with legal realities when we're doing the categorical approach. We don't accept hypothetical or legal impossibilities. Right, because the person in Idaho was prosecuted for spray painting, putting some spray paint on a rock, right? I mean, people do prosecute these crimes, even though perhaps the Eastern District of Virginia might not. These crimes are prosecuted. Yes, Your Honor, but I think, again, the only line that makes sense and is consistent with the Supreme Court's discussion of what violent means in this context is force that's capable of causing injury to property. Now, the actual physical force that's used differs because humans are susceptible to different forces than a stone monument or a federal building, for example. So the actual application of the force may be different, but the only standard that makes sense and is a principal bright line to use in this context is the one from Stoeckling, force capable of causing harm or injury. What about Mr. Gordon's theory? I thought that was kind of interesting. He was saying that, you know, really, the Congress was, it seems more likely the Congress was getting to the situation where a person could be hurt, such as arson or shooting into an occupied building or something like that where the property was injured, but that wasn't the gravamen of the offense. It was inherently violent because of the danger to human life. How do you answer that? Your Honor, my answer to that is the same question that Judge Motz asked my friend on the other side. It's that 924C includes uses of force against a person or property. It does not only limit it to uses of force. And in fact, shooting it into an occupied building, this court has said, does not fall within the Armed Career Criminal Act, which does not include a property variation in its elements clause. So we know in passing 924C that Congress was decision in Stokeling says we don't try to draw a quantum of forces once something crosses over into the realm of being capable of causing harm or injury. My problem, you probably guessed it, is that under your analysis, every violation of this statute, even if it causes $2 worth of damage is a crime of violence. Yes, Your Honor. I think that's because of the words that the statute uses for its offense elements, not because it covers things that don't injure property or don't cause damage to property. I think the government would agree that if there's a statute that included these elements, but was broader and included non-damaging acts, for example, the predecessor to this statute, which included larceny of federal property in it, we would have agreed that if that were indivisible, that would not have been a crime of violence because you can commit larceny without the use of force or damaging any property. But in this context, when Congress took a larceny and theft of government property out of the statute, it left only willful injuring and depredations of property, both of which necessarily involve violent means. I don't know that we have, do we have more questions? No? Thank you, Your Honor. Is there any rebuttal? Your Honor, the first thing that I want to talk about is what Judge Kenan said, and that is that the categorical approach matters. When we are looking at whether or not this should be, 1361 should be a crime of violence, I do believe that we can use the categorical approach in and of itself in order to say, for this particular crime, in this particular situation, we're going to take 1361 off the board. We're going to say that 1361 is categorically not a crime of violence with regards to 924C3 purposes. Because? Because we already do that. Well, first of all, we first of all do it because of either the inherent nature of the inherent danger that's not present to human life pursuant to Bowen and pursuant to Stoeckling and pursuant to Curtis Johnson, and the fact that in this situation, we treat property in this situation, categorically speaking, differently in how we treat people. But then the second reason would be because we do this all the time. We do this all the time with regards to conspiracy to commit Hobbs Act robbery in 924C. We do this with regards to other crimes, with regards to 924C. Since Johnson and Amaya and Davis, we've been taking these crimes off the board because we've come back to realize that they don't categorically meet what it takes in order to be a crime of violence. See, his position is that every violation of this statute categorically meets a crime of violence. And that's his position. Maybe that's wrong. But in those other cases, Supreme Court cases, the government acknowledged that some things were crimes of violence. Well, yes, Your Honor, that is his position, and that is what the Supreme Court did. But the difference is that when we use the categorical approach and we use the most innocent way to commit the offense, as we've discussed today, it doesn't match up with the amount of the terms of force and inherent violence that were used. It doesn't match up with regards to people. Because we've all looked at the fact patterns. We've all looked at the fact patterns. We've all looked at the fact patterns in and of themselves that lead to problems with regards to 1361 being a crime of violence. And to be clear, 1361 will still be a crime. And if the court were to send this case back down, Mr. Malacu would still be charged with two other crimes. The sentencing package guidelines, the sentencing package, the doctrine would still apply, and the government could still ask for the same 300 months. All we're saying is that in this particular situation, this 1361 crime is no longer a crime of violence because it does not, because for the same reasons that spray painting the car in Bowen is not a crime of violence. But Bowen, and I guess what I'm trying to see is, do we need to go as far as you're suggesting? Bowen didn't go that far. It didn't totally take the statute off the table as ever being a crime of violence. You see what I'm saying? Or ever being violent force against property. It merely said, because as you were just asking us to analyze, the most innocent conduct under the statute doesn't qualify. So it seems to me that you may be asking for more than you need in order to prevail. Could you address that? Yes, Your Honor, I can. The first thing that I want, the first thing that we're asking for, that our position is, is to say, without getting in regards to the overarching, without trying to define it, without getting into the overarching thing of what does it mean a crime of violence in this situation, we're going to say that this court made the wrong decision and we're going to send this back down. We're going to say that in this particular situation, pursuant to Bowen, in this situation, this was not a crime of violence, not here, and we're going to send this one back down. That would be the first thing that I would ask for. That would be the first position that I would have. If the court found it to be so appropriate, then trying to define what is a crime of violence and trying to take 1361 off the board, totally speaking, those could be the things that the court could do. But as for me, and as for right now, in this situation, and as for Mr. Malacu, we'd ask that the court just send it back down. Does our resolution of this case have any effect on your client at all? Well, Your Honor, it would matter with regards to how he is sentenced, because with a 924C, he would have certain problems with regards to getting into certain classes. If he wanted to do the residential drug abuse program, he wouldn't be able to do that with a 924C, how he gets in his classification inside the walls of the prison. But not with the term? Well, Your Honor, he could go back down to the district court and get sentenced to 300 months again. That definitely could be true. Our office has done an amount of post-924C3 litigation and post-Davis litigation, and sometimes that does happen. They go back down to the district court, and the district court says, I said what I said, and it gives them the same thing that they had previously. That could be. But it's still our position. But in other situations, the court could look at the pepper re-sentencing factors and determine, this person has made changes since they've been sentenced originally, so I'm actually going to give them a reduced sentence, or the Thank you very much. Well, we thank the lawyers for their argument. We're sorry that we can't come down and shake hands with you, but we hope the next time you're here we can do that.
judges: Diana Gribbon Motz, Albert Diaz, Barbara Milano Keenan